RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 7/13/10
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LINDA COLE | CIV. ACTION NO. 09-1639 |
| VERSUS | JUDGE ROBERT G. JAMES |
| G.B. COOLEY HOSPITAL SERVICE DISTRICT | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

On September 9, 2009, Plaintiff Linda Cole ("Cole") filed the above-captioned suit against Defendant G.B. Cooley Hospital Service District in the Fourth Judicial District Court of Ouachita Parish. Cole, a former employee of Defendant, alleged that she was wrongfully terminated from her job for, among other reasons, failing to discipline a subordinate employee.

On September 18, 2009, Defendant removed the case to this Court. In its Notice of Removal [Doc. No. 1], Defendant stated that this Court had subject matter jurisdiction, pursuant to 42 U.S.C. § 1331, because Cole alleged federal claims in her petition.

On May 21, 2010, Defendant filed a Motion for Summary Judgment. [Doc. No. 12]. Defendant asserts that Cole alleged claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et. seq.* ("Title VII"), and that those claims should be dismissed because Cole did not file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendant also asserts that, even if Cole did not allege claims under Title VII, the Court has subject matter jurisdiction over this case because Cole "has failed to waive federal jurisdiction."[1]

---

[1] The Court notes that the fact that Cole did not file a motion to remand or did not otherwise notify the Court that she did not allege a federal claim is irrelevant to the question of whether the Court has subject matter jurisdiction. *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002) ("[P]arties cannot waive a want of subject matter jurisdiction.").

On June 14, 2010, Cole filed a memorandum in opposition. [Doc. No. 14]. Cole implicitly concedes that she did not allege claims under Title VII and does not seek to amend her petition to allege such claims. Rather, Cole contends that she alleged a state law claim for intentional infliction of emotional distress under Louisiana Civil Code article 2315.

The Court must first address whether Defendant properly removed this case and, therefore, whether the Court has subject matter jurisdiction. Without subject matter jurisdiction, "the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation and citation omitted).

"As a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997) (quoting 28 U.S.C. § 1441(a)). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *Id.* "[D]istrict courts have original jurisdiction under the federal question statute over cases 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* (quoting 28 U.S.C. § 1331). "Under the well-pleaded complaint rule, federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003) (quotation and citation omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Although Cole includes the words "disparate treatment" and "harassment" in her petition, she does not cite Title VII or any other statute as the source of her claims or mention her race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). She does allege that she was

"wrongfully" and "unlawfully" terminated from her employment. Although, it may be "possible to construe [her] pleadings as stating a federal claim, . . . it is equally possible that [she] is bringing a claim solely under state law." *Lorenz v. Texas Workforce Com'n*, 05-50938, 2006 WL 3102581, at *3 (5th Cir. Oct. 30, 2006) (holding that an ambiguous state court petition did not allege a claim under Title VII). The Fifth Circuit has held that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

The Court finds that Cole's petition is ambiguous and fails to allege a claim under Title VII or present some other federal question on its face. Therefore, the Court lacks subject matter jurisdiction over this case. Accordingly,

IT IS ORDERED that this case is REMANDED to the Fourth Judicial District Court of Ouachita Parish.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 12] is DENIED AS MOOT.

MONROE, LOUISIANA, this 12 day of July, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT COURT